UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LISA RANERI,

                Plaintiff,

-against-

JOHN McCAREY, individually, LOU CORDA,
individually, and THE COUNTY OF ORANGE,

                Defendants.

------------------------------------------------------------x

08 Civ.

FILED
FEB - 4 2008
USDC

**COMPLAINT**

Jury Trial  JUDGE ROBINSON

**08 CIV. 1107**

       Plaintiff, Lisa Raneri, by her attorneys, LOVETT & GOULD, respectfully alleges the following for her Complaint:

## NATURE OF THE ACTION

       1.     This is an action for deprivations, committed by Defendants, of Plaintiff's rights, privileges and immunities as guaranteed her by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983, Title VII, 42 U.S.C. 2000e, *et. seq.*, the Age Discrimination in Employment Act and the New York State Executive Law Section 296 *et seq.*

## JURISDICTION

       2.     The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. Supplemental jurisdiction of Plaintiff's state law Section 296 *et. seq.* of the New York State Executive Law claims is invoked pursuant to 28 U.S.C. §1367.

With respect to Plaintiff's claims asserted pursuant to Title VII and the ADEA, Plaintiff duly filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission asserting discrimination on the basis of gender, age and retaliation. On or about January 28, 2008, the Department of Justice duly issued to Plaintiff a Notice of Right to Sue.

3. Plaintiff, LISA RANERI, a female, is a forty-five year old citizen of the United States, domiciliary of the State of New York, and resident of Orange County. Plaintiff has been employed at the County of Orange's Department of Real Property Tax Services ("DRPTS") in the Tax Map Department for in excess of twenty years and has held the permanent civil service title of Tax Map Technician since 2000. Plaintiff has consistently and continually performed all of the job duties and responsibilities of her position in an exemplary manner.

4. Defendant JOHN McCAREY (hereinafter "McCarey"), a male, is a domiciliary of the State of New York, and resident of the northern counties. At all times relevant and since 2000, McCarey has been employed as the Director of DRPTS. As such, McCarey is the head of that department.

5. Defendant LOU CORDA (hereinafter "Corda"), a male, is a domiciliary of the State of New York, and resident of the northern counties. Corda, at all times relevant, was employed as a Deputy Commissioner for the Department of Personnel for the County of Orange. As relevant here, Corda's responsibilities include handling and investigating employee complaints of discrimination.

6. Defendant COUNTY OF ORANGE (hereinafter "County") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## FACTS

7. Glenn Swenson was the Tax Map Coordinator for the Tax Map Department and Plaintiff's direct supervisor for approximately eighteen years until he retired in or about June 2005. Prior to Swenson's retirement, he wrote the following outstanding letter of recommendation in connection with Plaintiff:

> I have had the honor of working with Lisa Raneri for over 18 years and choose this time before my retirement to thank her for her loyalty and hard work.
>
> Lisa has many unique qualities. She gives the County her all because she knows no other way. If questions need to be answered or problems need to be solved, Lisa will exhaust all resources to find a solution. Her ability to communicate with others is beyond reproach. Her working relationship with other County employees, assessors, attorneys, etc., is based on respect and the skills she acquired after 18 years of experience in our Tax Map Department.
>
> It would be a disservice to the County and all who come in contact with her if Lisa Raneri were not appointed the position of Tax Map Coordinator upon my departure.
>
> Sincerely,
>
> Glenn Swenson
> Tax Map Coordinator

8. From the time McCarey commenced working as Director until the present, McCarey deliberately engaged in a course of conduct known to Plaintiff which created a

3

hostile and adverse work environment directed at female employees and/or employees over the age of forty years old.

9. In that connection, McCarey segregated employees into two groups, the "A" and "B" teams. The "A" team includes Plaintiff, another woman, MaryAnn Westbrook who is forty years old and a male employee, Tom Grzonka who is fifty-seven years old. The "B" team is comprised of three men, Steven Green, Michael Breitenfeld and Mathew Milby.

10. Since 2000, "B" team members have been assigned to superior responsibilities and afforded special treatment as compared to employees of the "A" team. In that connection,

a. The members of "A" team, including Plaintiff, have not received training on specialized computer programs.

b. The specialized computer programs were only installed in the "B" team members' computers for which they received extensive training.

c. Unlike all the members of the "B" Team, Plaintiff does not even have access to the internet from her computer; and *inter alia*

d. McCarey treats Plaintiff, Westbrook and Loretta McElwee hostilely as compared to other male employees.

11. In or about the March 2005, Plaintiff along with her two female co-workers, Westbrook and Loretta McElwee and Swenson went to express concern to Corda about McCarey's gender discriminatory conduct, including that *inter alia:*

a. Instead of correcting the "B" team members' conduct, McCarey advised Plaintiff that the reason the "B" team did not listen to her and had continued submitting

4

shoddily prepared Tax Maps despite her expressed concerns to him and them, was because they "are men and they aren't going to listen to you" and "[i]t would be like my wife trying to tell me something and that would only piss me off."

b. McCarey loudly compared his very large copy machine to Westbrook's size at a meeting.

c. McCarey treated the female employees discourteously by acknowledging and exchanging pleasantries with male employees by using their individual names while ignoring female employees;

d. The "A" team was barred from receiving training on specialized computer programs for which the "B" team members and a young male intern had received training; and *inter alia*

e. Essential computer programs were not downloaded onto "A" team members' computers despite the fact that computer programs were downloaded in each of the "B" team members' computers.

12. After Plaintiff attended at least four meetings with Corda and notwithstanding the complaints to him by Plaintiff, Westbrook and McElwee about McCarey's gender discriminatory treatment of them, in or about April 2005, Corda not only failed to take any action with respect to McCarey, Corda ratified, condoned, aided and otherwise encouraged McCarey's discriminatory conduct by pronouncing to Plaintiff and Swenson that DRPTS was McCarey's office and he (McCarey) could do whatever he wished with apparent impunity.

13. In or about August 2005, by reason of Plaintiff's gender, age and/or when the first opportunity to retaliate arose for Plaintiff having opposed McCarey's gender

5

discriminatory conduct, McCarey promoted Milby to the position of provisional Tax Map Coordinator instead of Plaintiff who had been strongly recommended by Swenson. Plaintiff had approximately fourteen years more experience than Milby.

14. In October 2006, Plaintiff took and passed the civil service test for the position of Tax Map Coordinator. She was one of three top scorers. Milby was not one of the top three scorers and therefore, was not eligible to be promoted. McCarey was thus constrained to remove him from that position.

15. Instead of appointing Plaintiff, McCarey appointed Breitenfeld to the Tax Map Coordinator position in or about January 2007 despite the fact that Breitenfeld had less experience than Plaintiff and had shortly before his promotion, engaged in misconduct known to Defendants.

16. In that regard, approximately one month before Breitenfeld's promotion, he pulled his pants and underwear down in front of Plaintiff, Westbrook and McElwee and exposed his rear end to them. When Defendants were informed of the incident, no action was taken and instead Breitenfeld was rewarded with the promotion. Breitenfeld was also caught on at least one occasion sleeping at least part of the night at DRPTS following a night of drinking whereupon the Assistant Director finally awakened him at half past noon. Breitenfeld commenced working albeit without the benefit of showering and worked in the rumpled clothes he had also worn on the day before.

17. McCarey has also engaged in gender discriminatory conduct with respect the interns who are assigned to DRPTS. In that regard, three male interns were assigned significant responsibilities, which included being trained on the specialized computer programs which Plaintiff does not even have access to and were permitted to use those

6

programs as compared to the sole female intern hired who was assigned the secretarial function of filing.

18. As a proximate result of Defendants' conduct, Plaintiff has been deliberately and/or intentionally and/or recklessly: caused to suffer economic loss by reason of her being passed over for the promotion to Tax Map Coordinator; caused to suffer humiliation; subjected to extreme public embarrassment; forced to endure extreme public degradation; subjected to extreme anxiety and emotional upset; subjected hostility and adverse action in the work place; made to suffer retaliation and punishment for having opposed gender discrimination in the workplace; deprived of and/or outright denied a workplace free from discrimination and/or retaliation; forced to work in a discriminatory environment antithetic to her emotional, physical and/or financial well-being; and otherwise caused to become sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST THE COUNTY

19. Plaintiff repeats and realleges paragraphs "1" through "18" of this Complaint as though fully set forth herein.

20. Under the premises the Defendants violated Plaintiff's right to a workplace free from discrimination based upon gender, which right is guaranteed her by reason of Title VII, 42 U.S.C. §2000e *et. seq.*

## AS AND FOR A SECOND CLAIM
## AGAINST THE COUNTY

21.     Plaintiff repeats and realleges paragraphs "1" through "18" of this Complaint as though fully set forth herein.

22.     Under the premises the Defendants violated Plaintiff's right to be free from retaliation for having opposed discrimination in the workplace on the basis of gender, which right is guaranteed her by reason of Title VII, 42 U.S.C. §2000e *et. seq.*

## AS AND FOR A THIRD CLAIM
## AGAINST THE COUNTY

23.     Plaintiff repeats and realleges paragraphs "1" through "18" of this Complaint as though fully set forth herein.

24.     Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed by reason of the Age Discrimination in Employment Act.

## AS AND FOR A FOURTH CLAIM AGAINST
## McCAREY, CORDA AND THE COUNTY

25.     Plaintiff repeats and realleges paragraphs "1" through "18" of this Complaint as though fully set forth herein.

26.     Under the premises Defendants conduct deprived Plaintiff of her right to Equal Protection as guaranteed her by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

8

## AS AND FOR A FIFTH CLAIM AGAINST
## McCAREY, CORDA AND THE COUNTY

27. Plaintiff repeats and realleges paragraphs "1" through "18" of this Complaint as though fully set forth herein.

28. Under the premises the conduct of the McCarey, Corda and the County as employers, and the conduct of the individually named Defendants as aiders and abettors, violated Plaintiff's rights to be free from discrimination on the basis of gender and/or age as guaranteed her by reason of Section 296 et seq. of the Executive Law of the State of New York.

## AS AND FOR A SIXTH CLAIM AGAINST
## McCAREY, CORDA AND THE COUNTY

29. Plaintiff repeats and realleges paragraphs "1" through "18" of this Complaint as though fully set forth herein.

30. Under the premises the Defendants violated Plaintiff's right to be free from retaliation for having opposed discrimination in the workplace on the basis of gender and/or age, which right is guaranteed her by reason of Section 296 et seq. of the Executive Law of the State of New York.

WHEREFORE judgment is respectfully demanded:

    a. Granting as against each Defendant such compensatory damages as the jury may determine,

    b. Granting, as against each individual Defendant, such punitive damages as the jury may impose,

      c. Awarding reasonable attorney's fees and costs, and,

      d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
        February 1, 2008

                LOVETT & GOULD, LLP
                Attorneys for Plaintiff

                By: _____
                Drita Nicaj (DN 0966)
                222 Bloomingdale Road
                White Plains, N.Y. 10605
                914-428-8401